PROB 12C
(6/16)

Report Date: August 29, 2018

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2018

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Antonio Raul Ayala | Case Number: 0980 2:10CR00063-SMJ-1 |

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Fred Van Sickle, Senior U.S. District Judge
Name of Supervising Judicial Officer:  The Honorable Salvador Mendoza, U.S. District Judge

Date of Original Sentence: November 30, 2010

| | | | |
|---|---|---|---|
| Original Offense: | Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1) | | |
| Original Sentence: | Prison - 66 months<br>TSR - 36 months | Type of Supervision: | Supervised Release |
| Revocation Sentence<br>01/11/2018 | Prison - 4 months<br>TSR - 24 months | | |
| Revocation Sentence<br>06/19/2018 | Prison - 22 days<br>TSR - to expire 05/07/2020 | | |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: | July 2, 2018 |
| Defense Attorney: | John Steven Roberts | Date Supervision Expires: | May 7, 2020 |

### PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #3:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: On August 17 and 27, 2018, Mr. Ayala failed to appear for random urinalysis testing at Pioneer Human Services (PHS).<br><br>On July 6, 2018, Mr. Ayala signed his judgment for case number 2:10CR00063-SMJ-1, indicating he understood all conditions ordered by the Court, including special condition 3, requiring him to submit to urinalysis testing as directed by the supervising officer. |

Prob12C
Re: Ayala, Antonio Raul
August 29, 2018
Page 2

On August 17, 2018, the color of the day at PHS was gold, Mr. Ayala's assigned color for urinalysis testing. He was instructed to call the urinalysis testing hotline daily and when his color was called, he was directed to provide a urine sample at PHS between 7 a.m. and 7 p.m. On August 20, 2018, the undersigned officer reviewed the urinalysis testing roster from PHS, and Mr. Ayala was documented as a "no show" on August 17, 2018.

On August 23, 2018, Mr. Ayala was notified by the undersigned officer that his random urinalysis tests would be increasing on August 27, 2018, and his new assigned color was brown 1.

On August 27, 2018, the color of the day was brown 1. The undersigned officer spoke with staff at PHS on August 28, 2018, and was advised Mr. Ayala did not show up for his urinalysis test.

2     **Special Condition # 2**:. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On August 2, 15, 23, and 27, 2018, Mr. Ayala was a "no show" for his chemical dependency treatment groups at PHS.

On July 6, 2018, Mr. Ayala signed his judgment for case number 2:10CR00063-SMJ-1, indicating he understood all conditions ordered by the Court, including special condition 2, requiring him to undergo a substance abuse evaluation, and enter into and successfully complete an approved substance abuse treatment program.

On July 13, 2018, Mr. Ayala participated in a substance abuse evaluation at PHS, and was recommended to participate in intensive outpatient treatment which began on July 16, 2018.

The undersigned officer was notified that Mr. Ayala failed to attend treatment on August 2, 15, 23, and 27, 2018. It should be noted, that on August 15, 2018, Mr. Ayala showed up for group, however, was turned away because he was late; per PHS policy, it is considered a no-show. Additionally, on August 7, 2018, Mr. Ayala was present for group, however, he left treatment 2 hours early.

3     **Special Condition # 3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On August 23, 2018, Mr. Ayala provided a urine sample that was positive for methamphetamine.

Prob12C
**Re: Ayala, Antonio Raul**
**August 29, 2018**
**Page 3**

On July 6, 2018, Mr. Ayala signed his judgment for case number 2:10CR00063-SMJ-1, indicating he understood all conditions ordered by the Court, including special condition 3, requiring him to abstain from the use of illegal controlled substances.

On August 23, 2018, the undersigned conducted a personal home contact at Mr. Ayala's address of record. He was instructed to provide a urine sample. The urine sample tested presumptive positive for methamphetamine; when questioned about any illicit drug use, he denied. The urine sample was sent to Alere Toxicology for further testing and the results are pending.

4     **Standard Condition # 2**:After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: On August 28, 2018, Mr. Ayala failed to report to the U.S. Probation Office as directed.

On July 6, 2018, Mr. Ayala signed his judgment for case number 2:10CR00063-SMJ-1, indicating he understood all conditions ordered by the Court, including standard condition 2, requiring him to report to the probation officer, as directed.

On August 27, 2018, the undersigned officer attempted to reach Mr. Ayala by phone, however, the phone appeared to be disconnected as the undersigned officer was unable to leave a voice mail. A text message was then sent, instructing Mr. Ayala to report to the undersigned officer on August 28, 2018; the message went unanswered. Additionally, on August 27, 2018, the undersigned officer attempted to contact Mr. Ayala at his residence and no one answered the door. The undersigned officer's business card was left in his door with a message directing Mr. Ayala to report to the undersigned officer on August 28, 2018. Mr. Ayala failed to report as directed.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   08/29/2018

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer


Prob12C

**Re: Ayala, Antonio Raul**
**August 29, 2018**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

08/29/2018
Date